**Jatinder KAUR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 03–4406.**

United States Court of Appeals, Second Circuit.

June 1, 2005.

Jatinder Kaur, South Ozone Park, NY, (on submission), for Petitioner, pro se.

Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Virginia A. Gibson, Assistant United States Attorney, Chief, Civil Division, Mark Anderson, Assistant United States Attorney, Philadelphia, PA (on submission), for Respondent.

398

Present: MINER, POOLER, Circuit Judges, and BLOCK, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition be, and it hereby is, **DENIED** and the order of the BIA is **AFFIRMED.**

Petitioner seeks review of the BIA's order dated January 31, 2003, denying her motion to reopen. We assume the parties' familiarity with the facts and procedural history.

Because petitioner has not petitioned for review of the BIA's June 11, 2002, order affirming the Immigration Judge's order denying her application for asylum or withholding of removal and directing that she be removed to India, and is now time-barred from seeking such review, *see* 8 U.S.C. § 1252(b)(1) (requiring petition for review to be filed within 30 days of order), we have no jurisdiction to review that order. *See Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 90 (2d Cir. 2001).

We review the BIA's denial of a motion to reopen for abuse of discretion, which may be found if the BIA acted in an arbitrary or capricious manner. *See id.* at 93.

Petitioner has not suggested, and we do not discern, any manner in which the BIA acted arbitrarily or capriciously in denying petitioner's motion as untimely. Petitioner was required to file her motion to reopen within 90 days of the BIA's June 11, 2002, order. *See* 8 C.F.R. § 1003.2(c)(2). Her actual filing on December 16, 2002, was over 60 days late. Untimeliness is a complete bar to the motion unless petitioner could establish that an exception to the time limit applied. Petitioner appeared to rely on the exception for changed circumstances, but her motion papers made reference only to events that occurred prior to her original filing for asylum in 1997. Therefore petitioner did not present any evidence to establish changed circumstances, and the BIA did not abuse its discretion in finding the exception inapplicable and denying the motion as untimely.

For the foregoing reasons, the petition for review is DENIED.